Note. In the case of Carvill's Lessee v. Griffith, at April Term, 1762, in the Court of Appeals, T. Johnson, in his argument said, that in the case of Spalding and Reeder, the warrant was to survey 200 acres, but the surveyor returned 207 acres. And as the determination was on a recent grant in 1742, the Court knew the prevailing rules for its construction. That Lord Coke says, Courts are to give such construction as prevailed at the time of the grant.
William Paca, in his argument in the same case, says, that in the case of Spalding and Reeder, Spalding obtained a common warrant for 200 acres; he took up 207 acres including four acres of cultivated lands, the attempt there was to destroy the patent, as well for the uncultivated as the cultivated part, which was unjust and disallowed. In that case the fraud was dehors and not apparent, therefore the extrinsic matter could not be given in evidence.
T. Johnson, in his reply, says, the case of Spalding and Reeder has not been answered; for where the King is deceived in his grant, the books say it is absolutely void, but there is no force in the reasoning, that if a man demands too much, he shall not have that which he is justly entitled to; and, therefore, that could not have been the reason of the miscarriage of the suit, but the principle before assigned. See the case of Carvill v. Griffith, at May Term, 1769.
*189 A CASE.
Benjamin Boyd obtained a common warrant from the land-office dated 22d June, 1738, which he located on cultivated land, and returned a certificate dated 14th November, 1738. Nicholas Vandemon obtained a special warrant dated 17th October, 1739, which he located on the same land, and returned his certificate dated 19th October, 1739, and a patent issued the 12th December following. Boyd afterwards discovering that his common warrant would not affect the cultivated land, petitioned the Judges to vacate the certificate he had returned, and to grant him a special warrant, which they did, dated the 29th October 1739. He returned a certificate on the 2d of November following, which was caveated in the office by the above mentioned Nicholas Vandemon, who had already obtained a grant for this land, and on á hearing the caveat was adjudged good. The matter rested thus until 1763, when Thomas Boyd, the grandson of Benjamin, procured from the surveyor’s books a copy of the above certificate, which had been vacated as aforesaid; with this he applied to the office and obtained a patent, under colour whereof he claims to hold the land. Shiestion. In whom is the legal title of this land ? If in Boyd, can the persons claiming under Vandemon be relieved in equity ?
OPINION.
I think the legal title is in the person who claims under-the elder certificate. I remember the point was determined in’the case of Reeder and Spalding, in the Provincial Court and Court -of Appeals, and in consequence thereof, there was an information in the Court of Chancery to vacate Spalding’s patent, in a similar case, Spalding having obtained a patent on a certificate upon a common warrant, when the land was cultivated.
*190 The above facts being pi-oved, the fraud will I think be a ground for an information, on scire facias, and I have no doubt but the patent may be vacated. When the objection to a patent is made in a Court of law, it is, because it is void, and to be void; being considered as a sort of record,the fraud ought to appear in the patent; when the fraud arises on circumstances dehors the grant, it has been considered as voidable, and therefore that some suit ought to be instituted for its vacating. This was the distinction, and it always prevailed whilst I was in the practice.
Daniel Dulany,
10th March, 1768.